CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 21 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN C. DRIVER, ) | |
|     Petitioner, ) | Civil Action No. 7:06CV00143 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| B.A. BLEDSOE, WARDEN, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

The petitioner, Brian C. Driver, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petitioner challenges the legality of his confinement in the special housing unit at United States Penitentiary (USP) - Lee in Jonesville, Virginia. Having reviewed the petitioner's allegations, the court concludes that the petitioner has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the petition.[1]

## Background

The petitioner alleges that he has been housed in the special housing unit for twelve months without being convicted of a disciplinary violation. Prior to being placed in the special housing unit, the petitioner was apparently charged with assault. The plaintiff alleges that the charge was "fabricated and false." The plaintiff further alleges that his due process rights have been violated as a result of being placed in the unit "without conviction, charge or indictment" and "without any former hearings."

The petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of Virginia. On March 10, 2006, the petition was transferred to this

---

[1] The court notes that because the petitioner's allegations relate to the conditions of his confinement, as opposed to the fact or duration of his confinement, the petition may be more appropriately construed as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, regardless of how the petition is construed, the court concludes that the petitioner has failed to state a claim upon which relief may be granted.

district.[2]

## Discussion

A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).

Having reviewed the petitioner's allegations, the court concludes that he has failed to allege sufficient facts to establish that his confinement in the special housing unit poses an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). As a result, the petitioner does not possess a liberty interest in avoiding confinement in the special housing unit, and he is not entitled to due process protections.

For the reasons stated, the petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 20th day of March, 2006.

_____
United States District Judge

---

[2] A § 2241 petition must be brought in the district in which the petitioner is incarcerated. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

2